UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL STEVENSON,

    Trustee/Appellant,

vs.                                                                          Case No. 10-11353

SICILIANO, MYCHALOWYCH,
VAN DUSEN and FEUL, P.C.,

    Defendant/Appellee,

_____/

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS APPEAL OR TO AFFIRM (Doc. No. 5)[1]

### I. Introduction

This is an appeal in an adversary proceeding in a Chapter 7 bankruptcy case. Plaintiff (the Trustee) filed a four-count adversary complaint seeking to recover allegedly preferential pre-bankruptcy transfers from the debtor to Mario Genna, Kimberly Genna, Layla Genna, and Sebastian Genna (the "Genna Defendants") and to The Law Office of Siciliano, Mychalowych, Van Dusen and Feul, P.C. (the "Law Firm Defendant"). The Trustee, the Genna Defendants, and the Law Firm Defendants filed cross motions for summary judgment.

The bankruptcy court set aside the transfer as to the Genna Defendants but declined to set aside the transfer to the Law Firm Defendants' motion. The Trustee

---

[1]The Court originally scheduled this matter for hearing. Upon review of the parties' papers, the Court finds this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

appeals as to the Law Firm Defendants.

Before the Court is the Law Firm Defendants' Motion to Dismiss Appeal or to Affirm on the grounds that the Trustee did not timely file the "items on appeal" and the "statement of issues on appeal" as required by Fed. R. Bankr. P. 8006. For the reasons that follow, the motion will be denied.

## II. Background

### A.

On April 16, 2008, the Genna Defendants were awarded a judgment against the debtor, Beverly Jackson (Jackson), in the amount of $388,260.00 in state court. The Law Firm Defendant represented the Genna Defendants in the state court action against Jackson. To collect on the judgment, the Law Firm Defendant garnished several of Jackson's bank accounts; as a result, $166,298.57 was obtained on July 1, 2008 and turned over to the Genna Defendants. The Genna Defendants transferred the amount in full to the Law Firm Defendants. The funds were placed in the Law Firm Defendant's client trust account. Jackson filed a voluntary Chapter 7 bankruptcy petition on September 10, 2008. The Trustee filed a four-count adversary complaint against the Genna Defendants and the Law Firm Defendants to recover the transfer. The parties filed cross motions for summary judgment on the question of whether the transfer was proper.

On March 26, 2010, the bankruptcy court held that the transfer from Jackson to the Genna Defendants should be voided and recoverable by the estate. However, the bankruptcy court did not avoid the subsequent transfer from the Genna Defendants to the Law Firm Defendants because the Law Firm Defendants received the transfer for

value, in good faith, and without knowledge of the voidability of the transfer which was later voided. 11 U.S.C. § 550(b); see also First Nat'l Bank of Barnsville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.), 974 F.2d 712, 722 (6th Cir. 1992) (explaining the defense available to an immediate transferee under § 550(b)).

B.

The trustee filed a timely notice of appeal on April 5, 2010. The Trustee filed the "items on appeal" and the "statement of issues on appeal" on the docket in the main bankruptcy case (bankr. case no. 08-61931), not the docket in the adversary proceeding (bankr. case no. 09-05490), on April 19, 2010. These documents were served electronically on the Law Firm Defendants the same day. The Trustee corrected the error and filed the Items on Appeal and Statement of Issues in the adversary proceeding on April 21, 2010. The Trustee again served the Law Firm Defendants electronically.

The Law Firm Defendants argue that the appeal should be dismissed because the Trustee did not timely file the "items on appeal" and the "statement of issues on appeal" in the adversary proceeding.

III. General Legal Standard

An appellant in a bankruptcy proceeding may choose to have their appeal heard by a district court, as opposed to a bankruptcy appellate panel. See Fed. R. Bankr. P. 8001(e)(1). "The notice of appeal shall be filed with the clerk within 14 days of the date of entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a).

Fed. R. Bankr. P. 8006 reads in pertinent part: "[w]ithin 14 days after filing the notice of appeal as provided in Rule 8001(a) . . . the appellant shall file with the clerk

and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground [sic] only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." Fed R. Bankr. P. 8001(a).

IV. Analysis

A.

The Law Firm Defendants argue that Rule 8006's fourteen-day filing deadline is mandatory and requires dismissal of the appeal. The Trustee argues that Rule 8002(a) contemplates that there may be harmless errors in filings and contends that the filing error here was harmless. The Trustee further points out that the filing error resulted in no delay and that the reason the "items on appeal" and the "statement of issues on appeal" were filed late was due to the an inadvertent error which it promptly corrected. The Law Firm Defendants respond that (1) the Trustee's reliance on Rule 8002(a) is misplaced as that rule applies to the filing of a notice of appeal and not to the filing of the "items on appeal" and the "statement of issues on appeal," and (2) there is no harmless error exception to 8006.

B.

Here, the Trustee initially filed the "items on appeal" and the "statement of issues on appeal" in the main bankruptcy case, not the adversary proceeding. Although that filing was within 14 days of the filing of the notice of appeal, it was not made in the proper case. Realizing the error, the Trustee corrected it within two days and filed the "items on appeal" and the "statement of issues on appeal" in the adversary proceeding.

The question is what action, if any, is required.

As an initial matter, the Law Firm Defendants are correct that Rule 8002(a) is inapplicable to this case. Rule 8002(a) deals with the filing of a notice of appeal not the filing of "items on appeal" or the "statement of issues on appeal." There is no dispute that the Trustee filed a timely notice of appeal. Thus, the Trustee's reliance on Rule 8002(a) is misplaced and does not provide a basis to deny the Law Firm Defendants' motion.

However, despite the Law Firm Defendants' argument to the contrary, an untimely filing of the "items on appeal" and the "statement of issues on appeal" does not necessarily justify dismissal of an appeal. The Court of Appeals for the Sixth Circuit has held that dismissal of a bankruptcy appeal is unjustified where the appellant filed a timely notice of appeal but an untimely designation of record and statement of issues. Winner Corp. v. Third Nat'l Bank, 632 F.2d 658, 660-61 (6th Cir. 1980). In Winner Corp., the appellant had until April 16th to file the designation of record and statement of issues. Appellant, however, did not mail the designation of record and statement of issues until April 20th; the documents were received and filed on April 24th, eight days after the close of rule 806's ten-day period. Id. at 660. In reversing the district court's dismissal of the appeal, the Sixth Circuit noted, "[w]e can find no evidence of bad faith on the bank's part which would justify dismissal of its appeal." Id. at 661. Thus, in this Circuit,[2] notwithstanding Rule 8001(a)'s allowance of dismissal, a district court should

---

[2] Other circuits also require findings similar to negligence, bad faith, or indifference before dismissing an appeal for a violation of Rule 8006. See In re Serra Builders, 970 F.2d 1309, 1311 (4th Cir. 1992); In re Fitzsimmons, 920 F.2d 1468, 1474 (9th Cir. 1990); In the Matter of: CPDC Inc., 221 F.3d 693, 699 (5th Cir. 2000).

5

generally not dismiss an appeal on the grounds the appellant violated Rule 8006 unless there is a showing of bad faith, negligence, or indifference.

Dismissal has been found to be justified when an appellant failed to file the proper designation of record and statement of issues as well as an opening brief in a timely manner despite the district court's granting of numerous time extensions and its presumption that appellant's non-compliance with 8006 was in good faith. See <u>Barclay v. U.S. Trustee</u>, 106 Fed. Appx. 293, 2004 WL 1376608, at *1 (6th Cir. 2004). Additionally, dismissal has been found to be justified on bad faith and negligence grounds when a pro se appellant failed altogether to provide a copy of the transcript as required under 8006 or pay the filing fee despite being on notice of his obligation due to a Sixth Circuit opinion upholding dismissal of a similar claim by appellant for failure to follow 8006. See <u>In re Kloian</u>, No. 05-CV-71776-DT, 2006 WL 2516962, at * 4 (E.D. Mich. 2006).

## C.

Considering all of the above, while the Law Firm Defendants are correct that the Trustee violated Rule 8006 because the "items on appeal" and the "statement of issues on appeal" were due on April 19, 2010 and they were not filed in the adversary proceeding until April 21, 2010, Rule 8001(a) and the case law make clear that the Court has discretion to determine the appropriate sanction for a party's violation of a procedural rule, up to and including dismissal. Here, the Trustee attempted to file the "items on appeal" and the "statement of issues on appeal" within the fourteen-day time-line but mistakenly filed them on the docket of the main bankruptcy case. The Trustee promptly corrected the error. There is simply no evidence of bad faith,

negligence or indifference. At best, the error was inadvertent. Also, while not specifically relevant for purposes of Rule 8006, the Trustee provided the Law Firm Defendants with electronic notice of both the incorrect and corrected filing, thereby eliminating any suggestion of prejudice to the Law Firm Defendants.

Moreover, this case is distinguishable from both <u>Barclay</u> and <u>In re Kloian</u>. In <u>Barclay</u>, the appeal was dismissed because appellant failed to file the designation of items and statement of issues despite the district court's granting of numerous time extensions. In <u>Kloian</u>, the Sixth Circuit noted that while appellants failure to provide copies to the clerk as required under 8006 was not the product of bad faith or negligence, dismissal of the appeal was proper because appellant failed to act in good faith while prosecuting the appeal.

In contrast to <u>Barclay</u> and <u>Kloian</u>, the Trustee made a minor and essentially clerical error in filing the "items on appeal" and the "statement of issues on appeal" in the wrong case. The Trustee corrected the mistake within two days. Dismissal is not warranted.

V. Conclusion

For the forgoing reasons, the Law Firm Defendants' Motion to Dismiss Appeal or to Affirm is DENIED.

SO ORDERED.

Dated: July 1, 2010                   S/Avern Cohn
                                                   AVERN COHN
                                                   UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 1, 2010, by electronic and/or ordinary mail.

                               S/Julie Owens
                               Case Manager, (313) 234-5160